**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6307 CR-DIMITROULEAS

49 U.S.C. 46312
18 U.S.C. 2

MAGISTRATE JUDGE SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| VALERIE ENRIQUE | ) |
| and | ) |
| AIRBAGS EXPRESS, INC. | ) |
| | ) |
| Defendants. | ) |

FILED BY _____
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.- MIAMI
00 OCT 19 PM 12:06

### INDICTMENT

The Grand Jury charges that:

### COUNT I

### BACKGROUND

At all times material to this Indictment:

1. Congress had recodified certain statutes regulating the transportation of hazardous materials at 49 U.S.C. §5101, et seq., with the purpose of making transportation of hazardous materials safer and to adequately protect people and property from the dangers inherent in the transportation of hazardous materials by improving the regulatory and enforcement authority of the United States Department of Transportation (DOT).

2. Title 49, Code of Federal Regulations, Sections 171 through 180, set forth the



regulations for all modes of transportation of hazardous materials, including transportation in air commerce. Any person or entity offering hazardous materials for transport by air must ensure that the hazardous materials shipment is properly classified, documented, described, packaged, marked and labeled in accordance with the Hazardous Materials Regulations (HMR), as more fully set forth below.

3. The means for identifying whether a material is a hazardous material and the trigger for application of the HMR is the Hazardous Materials Table, 49 C.F.R. §172.101, which lists more than 2,700 specific materials. Under the HMRs, it is the shipper's responsibility to determine the proper shipping name.

4. Under 49 C.F.R. Part 172, Subpart C, each person who offers a hazardous material for transportation shall describe the hazardous material on the shipping papers in the manner required by the subpart. A person offering hazardous material for transportation in commerce has the obligation to prepare the shipping papers and deliver them to the carrier. 49 U.S.C. §5110(a). With limited exceptions, every shipping paper must bear a signed statement by the shipper certifying that the shipment complies with all applicable DOT requirements. 49 C.F.R. §172.204.

5. 49 C.F.R. Part 172, Subpart D, specifies marking requirements for hazardous materials containers and packaging, which identifies the materials being shipped.

6.  In addition to marking a package containing a hazardous material, the shipper must also label it with the label specified for the material in the Hazardous Material Table, in a specified location on the package. See 49 C.F.R. §172.400 (general labeling requirements); 49 C.F.R. §172.406 (placement). The label identifies a broader category of hazard to which the material belongs, e.g., corrosive, explosive, poison, etc.

7.  Under 49 C.F.R. §172.702, an employer who uses one or more of its employees in connection with transporting hazardous materials in commerce or causing hazardous materials to be transported or shipped in commerce and directly affects hazardous materials transportation safety must ensure that each such employee is trained in accordance with the requirements in the subpart. Such employees may not load, unload or handle hazardous material; prepare hazardous material for transportation; or be responsible for the safety of such transportation unless trained in accordance with the provisions of 49 C.F.R. §172.702. It is the duty of each such employer to comply with the applicable requirements for training and to instruct each such employee in relation thereto. The employer must ensure that such employees are tested by appropriate means on the subjects covered in 49 C.F.R. §172.704. Recurrent training is required every three years, 49 C.F.R. §172.704(c)(2), including the ability of the employee to recognize and identify hazardous materials consistent with the hazard communication standards of the subchapter.

8. Pursuant to 49 C.F.R. §§ 172.101, 173.166, the contents of the five packages, described below, would properly be identified as "Air bag modules, a Class 9 dangerous goods, UN 3268, Packing Group III".

9. On or about November 30, 1999, at Davie, in Broward County, in the Southern District of Florida, the defendants,

**VALERIE ENRIQUE,  
and  
AIRBAGS EXPRESS, INC.,**

did wilfully deliver and cause to be delivered property containing hazardous materials, to wit: approximately nine (9) automobile air bag modules, a Class 9 dangerous good, to an air carrier for transportation in air commerce, in violation of the regulations and requirements prescribed by the Secretary of Transportation as set forth in Title 49, Code of Federal Regulations, Sections 171 et. seq.

All in violation of Title 49, United States Code, Section 46312 and Title 18, United States Code, Section 2.

A TRUE BILL

FOREPERSON

GUY A. LEWIS  
UNITED STATES ATTORNEY

THOMAS WATTS-FITZGERALD  
ASSISTANT U. S. ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    CASE NO. 00-6307-CR-DIMITROULEAS

v.

VALERIE ENRIQUE and
AIRBAGS EXPRESS, INC.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information**:

MAGISTRATE JUDGE
SNOW

**Court Division**: (Select One)

New Defendant(s)    Yes ___   No ___
Number of New Defendants ___
Total number of counts ___

___ Miami    ___ Key West
X   FTL      ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) NO
   List language and/or dialect ___

4. This case will take  2  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)        (Check only one)

   I    0 to 5 days       X     Petty       ___
   II   6 to 10 days      ___   Minor       ___
   III  11 to 20 days     ___   Misdem.     ___
   IV   21 to 60 days     ___   Felony      X
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) NO
If yes:
Magistrate Case No. ___
Related Miscellaneous numbers: ___
Defendant(s) in federal custody as of ___
Defendant(s) in state custody as of ___
Rule 20 from the ___    District of ___

Is this a potential death penalty case? (Yes or No)  NO

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No  If yes, was it pending in the Central Region? ___ Yes ___ No

THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0272538

*Penalty Sheet(s) attached                                    REV.4/7/99

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

00-06307 CR-DIMITROULEAS

Defendant's Name: VALERIE ENRIQUE

MAGISTRATE JUDGE
SNOW

Count #: I
Willful delivery of property containing hazardous material to an air carrier for transportation in air commerce

*Max. 5 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

FILED BY
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL. - MIAMI
00 OCT 19 PM 12:07

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

06-6307-CR-DIMITROULEAS

MAGISTRATE JUDGE
SNOW

Defendant's Name: <u>AIRBAGS EXPRESS, INC.</u>

Count #: I

Willful delivery of property containing hazardous material to an air carrier for transportation in air commerce

*Max. $500,000 fine

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

FILED by _____
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FL.-MIAMI
00 OCT 19 PM 12:07

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06307 CR-DIMITROULEAS

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA

vs.

VALERIE ENRIQUE,
and
AIRBAGS EXPRESS, INC.
    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number: 0273538
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9413
FAX (305) 536-4651